## DÍAZ v. GUERRA.

APPEAL from the District Court of San Juan, Section 1.

No. 819.—Decided October 18, 1912.

SERVITUDE—ACTION OF ACKNOWLEDGMENT OF SERVITUDE—REAL ACTION—ONUS PROBANDI.—The proper action for the grantee of a servitude to bring against the person disturbing the same is an action of acknowledgment of a servitude. It is a real action and the burden is upon the plaintiff to prove the possession on which he bases his claim.

ID.—ACQUIRING SERVITUDE OF LIGHT AND VIEW—PRESCRIPTION—CONTRACT.—It is unquestionable that under the laws in effect in this Island prior to the Spanish Civil Code, under the Spanish Civil Code, and under the Revised Civil Code, both prescription and contract were, and still are, the proper means of acquiring servitudes of light and view.

ID.—ACQUISITION OF SERVITUDE BY PRESCRIPTION—POSSESSION—PRESCRIPTION.—In negative, continuous and apparent servitudes, such as the plaintiff claims to have, the period of possession as a basis for the acquisition of the servitude by prescription is counted from the day on which the owner of the dominant estate formally prohibited the owner of the servient estate to do that which would have been lawful in the absence of the servitude.

ID.—ACQUISITION OF SERVITUDE BY PRESCRIPTION—ACTION OF ACKNOWLEDGMENT OF SERVITUDE—INSUFFICIENCY OF COMPLAINT.—In accordance with the doctrine laid down in the preceding paragraph, the fact that the owner of a lot builds a house at a distance of two or more meters from its boundaries and opens windows in the walls of the house facing directly toward the adjoining lots is not in itself sufficient to acquire a servitude of light and view over said lots by prescription, and a complaint alleging such facts as grounds for an action of acknowledgment of a servitude is insufficient.

ID.—ACQUISITION OF SERVITUDE BY AGREEMENT—IMPLIED CREATION OF SERVITUDE.—The fact that the owner of the lots on which the houses of the plaintiff and the defendant in the case at bar are built agreed to the plaintiff's constructing his house at a distance of two or more meters from the line

separating the lots and to his opening in the wall windows facing the other does not imply in any manner that said proprietor agreed to create upon the other lot a servitude of light and view in favor of the plaintiff's house.

ID.—ACTION OF DENIAL OF SERVITUDE—REAL ACTION—ONUS PROBANDI.—An action of denial of a servitude can be brought only by the owner of the estate the freedom of which is sought, or by the person possessing such estate as owner. Said action is a real action and the burden is upon the defendant to prove the servitude for the reason that all property is supposed to be unencumbered as long as the existence of the encumbrance is not proved.

ID.—ACTION OF DENIAL OF SERVITUDE—HOUSE OF PLAINTIFF BUILT ON LOT OF MUNICIPALITY—PARTIES TO ACTION.—In accordance with the doctrine laid down in the preceding paragraph, the owner of a house built on a lot belonging to a municipality which has not been made a party to the action has no right to bring an action of denial of servitude of light and view.

The facts are stated in the opinion.

*Mr. Luis Llorens Torres* for appellant.

*Mr. Miguel Guerra* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The original complaint in this case was filed in the District Court of San Juan. The defendant demurred thereto on the grounds of misjoinder of actions and that the complaint did not state facts sufficient to constitute a cause of action. The latter ground of demurrer was sustained by the court and the plaintiff was granted 10 days in which to amend his complaint.

The amended complaint was filed September 18, 1911, and on the 29th of the same month the secretary of the district court, at the request of the plaintiff, entered the default of the defendant. A verbal motion was made by the plaintiff on October 2, 1911, asking that judgment by default be rendered against the defendant, and on October 24, 1911, the court, on the grounds set forth in its decision of September 2, 1911, held that the complaint did not state facts sufficient to constitute a cause of action and overruled the motion of the plaintiff.

The plaintiff again applied to the court for judgment by default, and on November 29, 1911, the court refused either to amend or correct its decision of October 24. Finally, on

January 25, 1912, a judgment was rendered and entered on the docket, the pertinent part of which reads as follows:

"This court has made a careful examination of the complaint filed in this case, and for the reasons stated in its decisions rendered on September 2 and November 29, 1911, which are made a part of this decision, the court now renders judgment dismissing the complaint with costs against the plaintiff."

From this judgment the present appeal was taken.

Three causes of action were joined in the amended complaint, to wit, the acknowledgment of a servitude, the denial of a servitude and damages.

In support of the first the following facts, which are given briefly here, were alleged:

That since 1899 the plaintiff has been the owner of a house which is duly described.

That full ownership of the lot on which the house stands pertains to the Municipality of Río Piedras, but that since prior to 1899 the plaintiff has had the right of usufruct on said lot under title of a grant made by the Municipality of Río Piedras.

That the defendant is the owner of another house which is also duly described.

That the defendant's house is built upon a lot owned by the Municipality of Río Piedras, on which lot the defendant has a usufructuary right. The lots upon which the houses of the plaintiff and the defendant stand are adjoining.

That the lot upon which the plaintiff's house stands was conveyed to his predecessor by the Municipality of Río Piedras without any limitation, encumbrance or servitude whatever, and upon the sole condition that the plaintiff's said predecessor should build the house thereon before the year 1879, which he did.

That the said house was built in its present form with the consent of the Municipality of Río Piedras, and that ever since it was built there have existed therein three windows

directly overlooking the lot upon which the defendant's house stands, which lot was at that time still in the possession of its owner, the Municipality of Río Piedras.

That the wall of the plaintiff's house wherein the three windows exist is more than two meters from the adjoining lot on which the defendant's house stands.

That the municipal ordinances and customs prevailing in the Municipality of Río Piedras at the time the said house was built permitted the construction of walls containing windows at said distance of two meters.

That when the Municipality of Río Piedras granted the above-mentioned lot to the defendant, or to his predecessor, the said windows were already apparent on the west side of plaintiff's house, which is the side adjoining said lot.

That since prior to 1879 the plaintiff's house had the benefit of the view furnished by its windows until 1899, when the defendant built the house herein mentioned upon said lot.

That prior to 1899 the plaintiff had acquired in his own right and from his predecessor in title

"* * * a servitude of view from the three windows aforesaid by title of prescription over the said lot belonging to the municipality of Río Piedras on which the defendant's house stands * * *."

and

"* * * had enjoyed such view in good faith and with a right thereto under an agreement with the Municipality of Río Piedras, and not by force nor by the sufferance of the owners or usufructuaries of the servient property.

"That the eastern lateral wall of the defendant's house, which as stated was built in 1899, was erected exactly on the line which divides the lots of the plaintiff and the defendant, and that said wall was built on the west side of the plaintiff's house parallel with the wall in which the three windows, openings, or views exist for a distance and at a height each of over six meters.

"That the defendant and his predecessors in title knew when they acquired their property that the contiguous house belonged to the

plaintiff; and, furthermore, that the defendant or his predecessors in title were advised when building their house in 1899 of the existence of said servitude, and that said lien or servitude upon the property of the defendant is worth over one thousand dollars to the dominant estate.''

In support of the second cause of action—that is, the *denial of a servitude*—the same facts were recited by the plaintiff, who further alleged:

''That the masonry wall which is the eastern side of the defendant's house is built exactly upon the line dividing the lot of the plaintiff from that of the defendant.

''That the defendant opened two windows in said wall directly overlooking plaintiff's lot, the distance between plaintiff's lot and the outer face of the wall, wherein are the two windows, being less than one meter.

''That against the will of the plaintiff the defendant is enjoying the usufruct of such lien or servitude, the value of which exceeds one thousand dollars.

''That when he acquired the usufruct of said lot from the Municipality of Río Piedras the defendant did so without the right to any servitude, or to open windows in walls situated less than two meters from the plaintiff's lot.''

And, finally, in support of the third cause of action—*damages*—the plaintiff once more recited the facts above given, with the additional allegations:

''That he has been deprived of his rights of view through the fault of the defendant and his predecessor and has suffered damages thereby in the sum of one thousand dollars.

''That against his will and by reason of the fault of the defendant, committed for his own benefit, he has suffered the servitude of view which the defendant has had since 1899, the damages for which amount to the sum of one thousand dollars.''

The complaint concludes by praying the court:

''To render a judgment in this case declaring that the law and the facts are in favor of the plaintiff, Acisclo Díaz Valcárcel, and against the defendant, Arturo Guerra Mondragón.

"To sustain the cause of action for the acknowledgment of a servitude, and in consequence thereof to decree that the house belonging to the plaintiff is entitled to the servitude of view from the three windows situated on its west side overlooking the lot of the defendant and, therefore, to order him to demolish the eastern wall of his house already described and to remove it to a distance of more than three meters from the outer line of the wall wherein the windows belonging to the plaintiff are situated;

"Or, to sustain the cause of action for the denial of a servitude and in consequence thereof to decree that plaintiff's lot is free from any servitude in favor of defendant's lot and, therefore, to order him to close the two openings or windows constructed in the eastern wall of the house already described as belonging to the defendant which overlooks the plaintiff's lot;

"To adjudge the defendant to pay to the plaintiff the sum of two thousand dollars for the damages alleged in the third cause of action, and to impose the costs of the suit upon the defendant."

Let us see whether or not the complaint states facts sufficient to constitute the causes of action therein stated, or any of them. We will begin with the first; that is, the *acknowledgment of a servitude.*

Said action is "that which the grantee of a servitude may bring against the person disturbing it, with the view of securing from the court an adjudication that it belongs to the claimant and an order restraining the defendant from disturbing said claimant's quiet and peaceful possession of said right requiring the defendant to enter into an undertaking to refrain from further interference and to restore to the plaintiff such gains and profits as he may have received. This is a real action and the burden is upon the claimant to prove the possession upon which he bases his claim." (Escriche, Vol. I, p. 184.)

The plaintiff alleges that his house was built prior to 1879 with three windows opening with a direct view upon the lot on which the defendant's house was built in 1899; that the wall in which the windows were opened is more than two meters from the line dividing the lots, and that his house

was built in such form with the consent of the Municipality
of Río Piedras which owns both lots.

From these facts the plaintiff claims to have acquired
his right either by prescription or by contract with the owner
of the servient estate.

There is no question that under the laws in force in this
Island prior to the Spanish Civil Code, under the Spanish
Civil Code, and under the Revised Civil Code, both prescrip-
tion and contract were and still are proper means of acquir-
ing servitudes of light and view.

The question at issue in this case is whether the facts
alleged show the existence of prescription or of contract.

The fact that the owner of a lot builds a house two or
more meters from its boundaries and opens in the walls cer-
tain windows facing directly upon the adjoining lots is not
in itself sufficient to acquire by prescription a servitude of
light and view over the adjoining lots.

Such facts show only that in opening said windows the
owner of the house complied with the requisites that the law
then and now requires.   The rights of the owners of the
adjoining lots are in no way affected.

Had the complaint alleged, for instance, that when the
defendant proceeded to build his house exactly on the bound-
ary line between his and the plaintiff's properties or at a
certain distance therefrom, the plaintiff alleging that he had
a right of servitude of light and view, had formally opposed
such construction and the defendant had abandoned his
work, and that from the time such formal protest was made
until the time when the defendant had begun the new build-
ing the term which the law specifies for the acquisition of a
servitude by prescription had expired, then section 592 of
the Revised Civil Code, which is exactly the same as section
585 of the Spanish Civil Code invoked by plaintiff, would be
applicable; because in the continuous and apparent negative
servitudes such as the plaintiff claims to have the period of
possession for the purpose of acquiring by prescription is

computed from the day on which the owner of the dominant estate formally prohibited the owner of the servient estate from doing that which in the absence of the servitude would have been lawful.

The doctrine laid down is based on the provisions of sections 540, 544, 545, 589 and 592 of the Revised Civil Code, which are the same as articles 533, 537, 538, 582 and 585 of the Spanish Civil Code, as well as on ancient law and on the jurisprudence of the Supreme Court of Spain as set forth, among many others, in the judgments of March 6, 1875 (31 Civil Jurisprudence, 469); of May 31, 1890 (87 Civil Jurisprudence, 714); and of February 8, 1899 (86 Civil Jurisprudence, 213).

As far as the contract is concerned, we will say that the language used in the complaint is not at all sufficient to prove a title in favor of the plaintiff. The fact that the proprietor of the land where the houses of the plaintiff and defendant are situated allowed the plaintiff to build his house on his lot two meters or more from the line dividing the lots and to open in the wall windows facing the other does not imply in any way that the said proprietor agreed to create upon the other lot a servitude of light and view in favor of the plaintiff's house.

Let us now proceed to examine the complaint in so far as the second cause of action is concerned; that is, the *denial of a servitude.* Said action, says Escriche, is "* * * that which may be brought by the owner of property who refuses to recognize a servitude upon it in favor of another praying for a judgment of the court declaring his property free from such servitude and enjoining the other party from the use of the servitude under an undertaking to refrain from further interference with the claimant, and to indemnify him for the damage done. This action belongs to the class called *real* actions, the burden being upon the defendant to prove the servitude because all properties are supposed to be free unless proofs of the existence of an encumbrance are pro-

duced, but this action can be brought only by the owner of the property the freedom of which is sought." (I Escriche, 188.)

In regard to this cause of action, although the allegation is made in the facts set forth in the complaint that the eastern wall of the defendant's house "is built exactly on the line dividing the lot of the plaintiff from that of the defendant," and in the prayer it is asked "that the action for the denial of a servitude be sustained and in consequence thereof that the plaintiff's lot be free from any servitude in favor of the defendant's lot," etc., all of which seems to indicate that the plaintiff alleges that he is the owner of the lot where his house stands; yet from the other facts recited in support of said cause of action the conclusion is reached that the plaintiff is not the owner of the lot and that the real owner, not only of the lot upon which the plaintiff's house stands, but of the lot upon which the defendant's house stands, is the Municipality of Río Piedras which is not a party to this suit either as plaintiff or defendant.

It appearing, therefore, from the complaint itself that as the plaintiff is not the owner of the property the freedom of which he seeks, nor occupies it as such, it is quite clear that he has no cause of action upon which to base a request for a declaration of such freedom.

"An action of denial of a servitude can be brought only by the owner of the estate the freedom of which is sought or by the party possessing the estate as his own." (Judgments of the Supreme Court of Spain of January 24, 1867, 15 Civil Jurisprudence, 63; and of March 19, 1872, 25 Civil Jurisprudence, 363.)

The only question now left for examination is the last of the three causes of action; that is, the one for *damages*.

Here again the complaint fails to state facts sufficient to constitute a cause of action, because said cause of action being based wholly upon the existence of the first two, inasmuch as the complaint does not state facts sufficient to sup-

port the first two, the conclusion necessarily is reached that sufficient facts are not stated to support the last.

Therefore the appeal cannot be sustained and the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.